2013 BNH 007

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 11-13347-JMD |
| | Chapter 13 |
| Norman A. Carbonneau, | |
|     Debtor | |
| | |
| Norman A. Carbonneau, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 11-1118-JMD |
| | |
| Federal National Mortgage Association, | |
| Mark H. Lamper & | |
| Haughey, Philpot & Laurent, P.A., | |
|     Defendants | |

*Raymond J. DiLucci, Esq.*
*Raymond J. DiLucci, P.A.*
*Concord, New Hampshire*
*Attorney for the Plaintiff*

*Charles W. Gallagher, Esq.*
*Haughey, Philpot & Laurent, P.A.,*
*Laconia, New Hampshire*
*Attorney for the Defendants*

## MEMORANDUM OPINION

**I.  INTRODUCTION**

This matter is before the Court on the Motion for Summary Judgment (Doc. No. 46) filed by the defendants, Federal National Mortgage Association, Lamper, and Haughey, Philpot & Laurent P.A. (collectively "FNMA") as well as the Cross Motion for Summary Judgment (Doc.

No. 48) filed by the debtor-plaintiff, Norman A. Carbonneau (the "Debtor"). FNMA conducted a foreclosure auction on real property owned by the Debtor and was the high-bidder. Following the auction, FNMA recorded a foreclosure deed to perfect its title to the property. The Debtor then filed this bankruptcy case pursuant to chapter 13 of the Bankruptcy Code.[1] This adversary proceeding was commenced to recover damages from FNMA's alleged violations of the automatic stay, resulting from FNMA's post-petition conduct relating to the property. For the reasons set forth below, the Court finds that the property is not property of the estate and that FNMA did not violate the automatic stay.

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a), and U.S. District Court for the District of New Hampshire Local Rule 77.4(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The parties do not dispute the salient facts: The Debtor granted a mortgage on real property located at 121 Derry Road, Hudson, New Hampshire (the "Property") to Fleet National Bank. Shortly thereafter, an assignment was recorded by Cendant Mortgage Corporation as "Authorized Agents" [sic] purporting to assign Fleet National Bank's interest in the mortgage to Cendant. Subsequently, Fleet National Bank was acquired by Bank of America.

On May 25, 2011, defendant Mark H. Lamper sent a notice to the Debtor on behalf of PHH Mortgage Services Corp.—the servicer of the mortgage—and Federal National Mortgage Association, who was represented to be the current holder of the note and mortgage. The notice

---

[1]  The Court shall refer to Title 11 of the United States Code as the "Bankruptcy Code." See Local Bankruptcy Rules, Preface.

2

stated FNMA's intent to accelerate the note and commence foreclosure proceedings immediately. On July 7, 2011, Bank of America executed an assignment of the mortgage to FNMA. This assignment was recorded later that month.

After providing public notice of the foreclosure for three consecutive weeks, FNMA foreclosed on the Property on August 25, 2011. This foreclosure sale proceeded according to the terms outlined in the notice that was provided to the Debtor and to the public. About a week later, on August 31, 2011, FNMA recorded a foreclosure deed, an affidavit of sale, and a copy of a notice of foreclosure sale in the appropriate registry of deeds. The copy of the notice of foreclosure sale was for the wrong property—7 Pine Avenue in Keene, New Hampshire, rather than the Debtor's property at 121 Derry Road.

On September 6, 2011, the Debtor filed his bankruptcy petition. The Debtor listed the Property on Schedule A of his petition and disclosed the foreclosure sale in his statement of financial affairs, stating that he intended to contest the validity of the foreclosure deed. A week after the bankruptcy had been filed, defendant Lamper, acting on behalf of FNMA, recorded a confirmatory affidavit of sale in the registry of deeds for the sole purpose of correcting the notice of foreclosure sale. The confirmatory affidavit replaced the faulty notice with a copy of the same notice that the Debtor had received prior to the foreclosure auction and that had been published pursuant to the statutory requirement.

Soon after the recording of the confirmatory affidavit, the Debtor filed the one count complaint that instigated this adversary proceeding. In the complaint, the Debtor seeks a declaration that FNMA's filing of the confirmatory affidavit and its efforts to ascertain when the Debtor would vacate the Property constituted violations of the automatic stay of 11 U.S.C. §

362(a).  FNMA never filed an answer, but at a pretrial hearing, FNMA denied the substantive allegations in the complaint, and the Court ordered the matter to proceed on with discovery.  The Debtor never raised any objection to FNMA's failure to file an answer, and given the current procedural posture of this case, the Court considers any such arguments to be waived.  After a period of discovery, FNMA moved for summary judgment.

FNMA argues that it is entitled to judgment as a matter of law for two reasons: (1) the Debtor failed to enjoin the foreclosure proceeding under New Hampshire law and accordingly lost any standing he had to contest the foreclosure sale, and (2) once the bankruptcy petition was filed, the Property did not become property of the estate under 11 U.S.C. § 541 and accordingly FNMA did not violate the automatic stay.

In response, the Debtor opposed FNMA's motion and filed a cross motion for summary judgment.  The Debtor proffers two separate bases for the Court to grant his motion and deny FNMA's.  First—the Debtor argues—section 1322(c) allows him to cure any default with respect to the note and mortgage on the Property because the Property has not been "sold at a foreclosure sale" within the meaning of section 1322(c); the defective notice of foreclosure sale effectively prevented title from passing to FNMA, leaving the conveyance incomplete.  Thus, the Debtor believes he has a federal interest in the Property, an interest that is protected by the automatic stay.

Second, the Debtor argues that the entire foreclosure sale is void because FNMA had no interest in the Property when it conducted the auction.  According to the Debtor, Bank of America could not have assigned the note and mortgage to FNMA because Fleet National Bank—Bank of America's predecessor in interest—had already assigned the note and mortgage

to Cendant Mortgage Co. Because the assignment from Bank of America to FNMA was void, so was the foreclosure sale. This chain of events, the Debtor would have it, leaves Cendant holding a note and mortgage to the property, with the Debtor holding the deed free and clear of any interest of FNMA. FNMA opposed the Debtor's cross motion for summary judgment, reiterating the arguments in its own motion.

After all the pleadings were filed, the Court took both motions under advisement.

## III. DISCUSSION

### A. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue is "genuine" if a reasonable jury could resolve the point in favor of the nonmoving party. Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011). A fact is "material" if its existence or nonexistence has the potential to change the outcome of the suit. Id.

> [T]he role of summary judgment is to "pierce the pleadings" and to determine whether there is a need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). The moving party must "put the ball in play" by averring the absence of any genuine issue of fact. Id. at 48. Once the ball is in play, however, the non-moving party must come forward with competent evidence to rebut the assertion of the moving party. Id.; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Not every factual discrepancy is sufficient to defeat a motion for summary judgment. "[E]vidence that 'is merely colorable or is not significantly probative'" cannot defeat the motion. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

Evans Cabinet Corp. v. Kitchen Int'l, Inc., 593 F.3d 135, 140 (1st Cir. 2010). If the movant

makes a preliminary showing that no genuine issue of material fact exists, the nonmovant must produce suitable evidence to establish a trial-worthy issue. Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006). Otherwise, the nonmovant's failure to produce evidence on essential factual elements on which it would bear the burden of proof at trial requires summary judgment for the movant. Id. As part of the summary judgment record, a court may take judicial notice of its own docket. See Fed. R. Bankr. P. 9017 (incorporating Fed. R. Evid. 201); LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999). "In evaluating whether there is a genuine issue of material fact, the court examines the record—pleadings, affidavits, depositions, admissions, and answers to interrogatories—viewing the evidence in the light most favorable to the party opposing summary judgment." Rivera-Colon v. Mills, 635 F.3d 9, 12 (1st Cir. 2011); see Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). While courts draw all reasonable inferences in favor of the nonmovant, Mendez-Aponte v. Bonilla, 645 F.3d 60, 64 (1st Cir. 2011), courts afford no evidentiary weight to "conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001), cited in Tropigas de Puerto Rico, 637 F.3d at 56.

### B. The Automatic Stay Applies Only to Property of the Estate

The Debtor claims FNMA's post-petition actions against the Property constitute a violation of the automatic stay in that (1) FNMA attempted to gain possession or control of the Property in contravention of section 362(a)(3) and to "collect, assess, or recover a claim" from the Debtor within the meaning of section 362(a)(6). In order for an action to be stayed by the automatic stay under (a)(3) or (a)(6) it must be an act with respect to "property of the estate" or

an act to recover "a claim against the debtor." The automatic stay does not stay actions against property that is not part of the bankruptcy estate. 11 U.S.C. § 362(c)(1); Donarumo v. Furlong (In re Furlong), 660 F.3d 81, 89 (1st Cir. 2011) ("[T]he stay is inapplicable to property that has been removed from the estate."). Accordingly, if the Property was not part of the bankruptcy estate when the petition was filed, FNMA's motion for summary judgment must be granted and the Debtor's cross motion denied.

Section 541 delimits the property constituting the bankruptcy estate. The estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). See In re DeSouza, 493 B.R. 669, 672 (1st Cir. B.A.P. 2013) ("[S]ection 541(a)(1) provides the general rule that property of the bankruptcy estate consists of all legal and equitable interests of the debtor in property as of the commencement of the case, subject to certain exceptions not applicable here.").

The Bankruptcy Code does not generally define whether an entity has an interest in specific property; such determinations are left to state law. Butner v. United States, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Neither does the Bankruptcy Code serve to augment or diminish the property rights defined by state law—unless a specific provision of the code is applicable. In re Stephens, 221 B.R. 290, 292-93 (Bankr. D. Me. 1998) (Maine foreclosure law determined whether the debtors had an interest in realty for the purpose of section 362.).

This Court addressed the effect of a chapter 13 case filed after the conclusion of a foreclosure auction but before the recording of a foreclosure deed in In re Beeman, 235 B.R. 519, 525 (Bankr. D.N.H. 1999). In Beeman, the Court held that section 1322(c) preempts "state redemption law in the context of determining which point in time a Chapter 13 debtor's rights to cure and reinstate are terminated." Id. Section 1322(c)(1) provides that:

> Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
> (1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law;

Under Beeman, a court must determine whether the property in question has been "sold at a foreclosure sale" in order to decide whether a debtor may still exercise the ability to cure defaults under section 1322(b)(2) or (5). In this case, the Debtor has filed a chapter 13 plan that attempts to cure the defaults under the note and mortgage on the Property and so attempts to invoke section 1322(c) to save the Property. However, if the foreclosure sale process was complete before the bankruptcy case was filed, the Debtor may not make use of section 1322(c).

### The Completion of the Sale Under New Hampshire Law

The requirements for the completion of a foreclosure sale are set out in RSA § 479:26:

> I. The person selling pursuant to the power shall within 60 days after the sale cause the foreclosure deed, a copy of the notice of the sale, and his affidavit setting forth fully and particularly his acts in the premises to be recorded in the registry of deeds in the county where the property is situated; and such affidavit or a duly certified copy of the record thereof shall be evidence on the question whether the power of sale was duly executed. If such recording is prevented by order or stay of any court or law or any provision of the United States Bankruptcy Code, the time for such recording shall be extended until 10 days after the expiration or removal of such order or stay. If such recording is, in accordance with the provisions of this chapter, made more than 60 days after the sale, the reasons therefor shall be set forth fully and particularly in the affidavit.

> II. Failure to record said deed and affidavit within 60 days after the sale shall render the sale void and of no effect only as to liens or other encumbrances of record with the register of deeds for said county intervening between the day of the sale and the time of recording of said deed and affidavit.
>
> III. Title to the foreclosed premises shall not pass to the purchaser until the time of the recording of the deed and affidavit. Upon such recording, title to the premises shall pass to the purchaser free and clear of all interests and encumbrances which do not have priority over such mortgage. In the event that the purchaser shall not pay the balance of the purchase price according to the terms of the sale, and at the option of the mortgagee, the down payment, if any, shall be forfeited and the foreclosure sale shall be void.

In Beeman, the court interpreted RSA § 479:26 to mean that until the foreclosure deed is recorded, the property has not been "sold at foreclosure" within the meaning of New Hampshire law. Accordingly, until such time as the foreclosure deed is recorded, a chapter 13 debtor has an ability to cure defaults on a note and mortgage under section 1322(c). In re Beeman, 235 F.3d 519, 526 (Bankr. D.N.H. 1999).

In Beeman, there was no dispute that the mortgagee had not recorded the foreclosure deed before the filing of the bankruptcy petition. See id. at 520. Here, all parties agree that the foreclosure deed was recorded before the bankruptcy petition was filed. Rather, the Debtor argues that the recording of the deed was defective because the wrong notice of foreclosure was recorded along with the deed and affidavit. FNMA counters that the recording was proper because RSA § 479:26 only requires the recording of a deed and affidavit for the sale to be complete.

Section 479:26(I) requires three things to be done within 60 days of the foreclosure sale: the foreclosure deed, a copy of the notice of the sale, and the affidavit of the foreclosing mortgagor—"setting forth fully and particularly his acts in the premises"—must all be recorded in the appropriate registry of deeds. Section 479:26(II) decrees that the failure to record "said

9

deed and affidavit within 60 days after the sale shall render the sale void and of no effect only as to liens or other encumbrances of record . . . intervening between the day of the sale and the time of recording of said deed and affidavit." Finally, section 479:26(III) provides that "title to the foreclosed premises shall not pass to the purchaser until the time of the recording of the deed and affidavit."

RSA § 479:26 makes it clear that both the deed and affidavit are integral to the foreclosure sale conveyance. It is also clear from the statute that the affidavit cannot be examined in isolation; it must be construed along with both the foreclosure deed and the notice of foreclosure sale, as the statute requires the filing of all three.

The Debtor recognizes this and urges the Court to find that the wrongly attached foreclosure notice combined with the affidavit, which incorporates the attached notice by reference, have the effect of invalidating the entire conveyance. It appears as though the New Hampshire Supreme Court has not decided this granular legal issue—neither the parties nor the Court have found a dispositive decision. When confronted with an open legal question of state law, this Court "must endeavor to predict how the state's highest tribunal would likely resolve the matter." In re Williams, 171 B.R. 451, 453 (D.N.H. 1994) (citing Moores v. Greenberg, 834 F.2d 1105, 1107 (1st Cir. 1987)). In predicting the likely outcome here, the Court finds instructive the New Hampshire case law dealing with deeds containing misleading or vague descriptions of transferred real property.

In New Hampshire, "when interpreting deeds, the general rule is to determine the intent of the parties at the time of the conveyance in light of the surrounding circumstances." Chao v. Richey Co., Inc., 122 N.H. 1115, 1117 (1982) (citing MacKay v. Breault, 121 N.H. 135, 139

(1981)). When the description in a deed is ambiguous or erroneous, certain default rules govern: "It is well established that a mistaken term, course, or boundary, used inadvertently in a deed, may be rejected where its effect would be to defeat the purpose of the parties to the deed." Chao 122 N.H. at 1118. Indeed, "that the deed description burdens the title examiner with an enormous task of research to determine what is conveyed, has no bearing on the validity of the conveyance, if, in fact, the property conveyed can be reasonably determined from the description." Smith v. Wedgewood Builders Corp., 134 N.H. 125, 129-130 (1991).

In Wedgewood, the court was faced with two parties seeking title to the same parcel of land. Both alleged the descriptions in their respective deeds covered the parcel. One party alleged that the other's deed described the property conveyed so vaguely that the conveyance was void. Id. at 129. The description made reference to a then-existing road which "bounded" the transferred property. The Court, acknowledging the difficulty this type of description posed for title examiners, stated that nonetheless it was possible to discern what property the parties intended to convey. That intention would carry the day, despite the difficulty involved in making the interpretation. Id. at 130.

The Court finds the treatment of ordinary deeds and foreclosure deeds under New Hampshire Law to be analogous. Both the ordinary deed and the foreclosure deed are instruments that transfer real property and both involve essential secondary documents, namely descriptions and affidavits. A description is integral to an ordinary deed much like an affidavit is essential to a foreclosure deed. Both an affidavit and a description contain essential information that informs the world about a given conveyance. If the description in an ordinary deed is vague enough, a court cannot determine what property was conveyed. Similarly, if the affidavit

11

appended to a foreclosure deed is so vague that it is impossible to tell what actions were taken to effect the power of sale, a foreclosure deed would be invalid—it would be as if the affidavit had not been filed at all.  Accordingly, the Court shall apply this same standard to the conveyance documents at hand.

After considering the undisputed facts, it is apparent that the affidavit is not so vague as to void the conveyance.  First, the affidavit contains all of the essential information required by the statute.  Under RSA § 479:26(I), an affidavit must set forth "fully and particularly" the acts of the foreclosing party with respect to the property.  And in this affidavit, defendant Lamper describes: (1) the grantor of the deed, (2) the default on the mortgage, (3) the acts taken to notice the foreclosure auction, (4) the publication dates the notice of sale, (5) where the auction was held, (6) who acquired the Property, and (7) for how much.  The only factual error in the affidavit is the statement that the notice of foreclosure sale published on July 8, 2011, August 4, 2011, and August 11, 2011 "is attached hereto as Exhibit A."  The Court finds that this error is not misleading enough to defeat the conveyance because the information in the erroneously attached notice is so incongruous that its flawed nature is readily apparent.  In the relevant part the notice of sale reads:

> **NOTICE OF FORECLOSURE SALE**
> Pursuant to a power of sale contained in a certain mortgage deed given by **ANNE L. AUDETAND PHILLIP AUDET** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for COUNTRYWIDE HOME LOANS, INC., its successors and assigns, as lender, dated April 18, 2006, recorded in the Cheshire County Registry of Deeds at Book 2339, Page 814, assigned to FEDERAL NATIONAL MORTGAGE ASSOCIATION….will sell on the mortgaged premises (street address: 7 Pine Avenue) in Keene, Cheshire County, at:
> PUBLIC AUCTION
> On September 7, 2011 at 2:00 P.M.

12

With even a cursory inspection, the foreclosure deed and affidavit conflict with the notice of sale—the name of the mortgagor, the property address, and the publication date are all wrong. The Court also notes that because the affidavit sets out what dates the actual notice of sale was published in the Union Leader, it is possible for an inquiring party to find a copy of the missing notice. This is analogous to the put-upon title examiner referenced in Wedgewood, supra. It would be extra work for the title examiner to find the correct notice of sale, given that it was not properly attached, but it would be possible, and likely with less effort than that expended by the title examiner in Wedgewood.

      Accordingly, the Court finds that the information provided in the affidavit is not so vague as to render the conveyance void. The affidavit provides the particular information required by RSA § 479:26 and provides a sufficient reference so that a party could find the notice of sale. Thus, under New Hampshire Law, the foreclosure sale process was completed before the Debtor filed his bankruptcy petition, and the Property did not become part of the bankruptcy estate. Because the Property was not bankruptcy estate property, FNMA's post-petition actions did not violate the automatic stay.

      **C.**    **The Debtor is Barred from Contesting the Validity of the Foreclosure Sale**

      The Debtor makes a separate argument in an attempt to contest the validity of the foreclosure sale. The Debtor claims that FNMA had no authority to foreclose on the Property, because it did not hold the mortgage or the note. The Debtor argues that Cendant Mortgage Corp. holds the note and mortgage by assignment from Fleet National Bank, Bank of America's predecessor in interest. Because Bank of America did not hold the note and mortgage when it purported to assign its interest to FNMA, the assignment was void and FNMA did not have the

13

power of sale to foreclose on the Property. Regardless of the merit of these claims, the Debtor does not have standing to pursue them at this juncture.

Under state law, the Debtor lost his ability to challenge the validity of the foreclosure sale when he failed to file a petition to enjoin before the conclusion of the foreclosure auction. In re PM Cross, LLC, 494 B.R. 607, 616 (Bankr. D.N.H. 2013) ("The mortgagor loses both legal and equitable interest in the encumbered property 'once the auctioneer's hammer [falls] and the memorandum of sale [is] signed.'") (quoting Barrows v. Boles, 141 N.H. 382, 393 (1996)).[2] RSA § 479:25(II) requires a mortgagee foreclosing under the power of sale to send the following notice to the mortgagor: "You are hereby notified that you have a right to petition the superior court for the county in which the mortgaged premises are situated, with service upon the mortgagee, and upon such bond as the court may require, to enjoin the scheduled foreclosure sale." The statute then provides that "failure to institute such petition and complete service upon the foreclosing party, or his agent, conducting the sale prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure." Id. The effect of this section is that:

> [A] mortgagor, "to preserve a challenge to the validity of the foreclosure sale," must file an action to enjoin the foreclosure prior to the sale. Gordonville Corp. N.V. v. LR1–A Ltd. P'ship, 151 N.H. 371, 377 (2004). If the mortgagor fails to do so, he or she may not challenge the foreclosure's validity "based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale." Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985); see also People's Utd. Bank v. Mtn. Home Developers of Sunapee, LLC, 858 F.Supp.2d 162, 167–68 (D.N.H. 2012).

---

[2] Until the foreclosure sale is completed under state law by the recording of a deed after completion of the auction sale, a debtor may have a federal interest that permits redemption in a chapter 13 proceeding under section 1322(c)(1) of the Bankruptcy Code. In re Beeman, 235 B.R. 519, 524 (Bankr. D.N.H. 1999). However, a debtor's state law rights and remedies are governed by applicable sate law.

Calef v. Citibank, N.A., 11-CV-526-JL, 2013 WL 653951 at *3 (D.N.H. Feb. 21, 2013). The assignment from Fleet National Bank to Cendant Mortgage Co. has been on file in the registry of deed since 2003. See Joint Statement of Material Facts, ¶ 2 (Doc. No. 25). Accordingly, the Debtor had more than enough notice of this issue to afford him the opportunity to file a petition under RSA § 479:25(II) prior to the beginning of the foreclosure auction.

The Debtor has not set forth any basis under the Bankruptcy Code that would alter this result. As discussed, supra, unless the Bankruptcy Code provides otherwise, the Debtor's bankruptcy case does not affect property rights, including claims a debtor may bring. § 541(a)(1) (Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."). Thus, because New Hampshire law would not allow the Debtor to contest the validity of the foreclosure sale, and because the Debtor has not demonstrated how the Bankruptcy Code alters that result, his argument necessarily fails.

## IV. CONCLUSION

For the reasons set forth above, the Court shall grant FNMA's motion for summary judgment. For those same reasons, the Debtor's cross motion for summary judgment must be denied. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue separate orders and a judgment consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:   September 17, 2013                         /s/ J. Michael Deasy
                                                   J. Michael Deasy
                                                   Bankruptcy Judge